LEDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Charles L. Bernard, plaintiff-appellant, from a judgment sustaining an exception of prescription urged by the Parish of Jefferson, defendant-ap-pellee, in this zoning case. For the following reasons, we affirm the judgment.
There are no factual disputes. Plaintiff is the owner of a lot and building in Jefferson Parish. When he acquired the property in 1983 it was zoned C-2, general commercial. In late 1990, the Parish began the process of re-zoning nine contiguous parcels, including plaintiffs tract, to GO-2, general office. The process began with a Planning Advisory Board area study. In accordance with the Jefferson Parish Comprehensive Zoning Ordinance, this study and a hearing date were advertised in the official journal in three successive weeks, and a sign was placed on the area in question providing similar information. A hearing was held on January 22, 1991, and the zoning change was recommended. Subsequently, on March 27, 1991, the Parish Council adopted the recommendation of the Planning Advisory Board, and an ordinance changing the zoning was enacted. There is no |3dispute that the Parish complied with all notice requirements of the Comprehensive Zoning Ordinance.
In December of 1994 plaintiff filed a petition with the Council requesting that it restore the prior C-2 zoning, asserting that the GO-2 category destroyed any via *407 ble economic use for his building. That petition was denied by the Council on April 5, 1995. A week later plaintiff filed the present suit seeking two grounds for relief. First, he seeks to have the denial of his re-zoning petition on April 5 reversed on grounds that the Council was arbitrary and capricious in its ruling. Second, he seeks damages due to the original 1991 rezoning of the property to GO-2. The Parish responded to the second demand by asserting an exception of prescription. That exception was sustained. The trial judge certified this partial judgment as appealable, and plaintiff has now done so. The remainder of the suit challenging the 1995 Council action is still pending.
The pertinent statute is Art. XLVIII, Sec 40-882 of the Jefferson Parish Comprehensive Zoning Ordinance. That section provides that a party aggrieved by a zoning ordinance must bring suit within “a maximum time period of thirty (30) days after the decision of the Council.” Here, the present action challenging the Council’s decision of March 27, 1991, was not brought until over three years after that action. It was thus too late, and the action was properly dismissed by the trial judge.
Plaintiff argues to the contrary that because he did not receive actual notice of the proposed zoning change from the Zoning Advisory Board or similar notice of the Council’s action, the time period for filing suit did not commence against him. A similar argument was made and rejected in Palermo Land Co., Inc. v. Planning Commission of Calcasieu Parish, 561 So.2d 482 (La.1990). There the court noted that typically only constructive notice, usually by publication in the local newspaper, is required by zoning ordinances, and that the courts have 14uniformly held this method of notice to be sufficient. We therefore reject this argument as well.
For the foregoing reasons the judgment of the district court dismissing plaintiffs attack on the 1991 zoning change is hereby affirmed.

AFFIRMED.